NOT FOR PUBLICATION                              (Docket Entry No. 44)

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY
## CAMDEN VICINAGE

|  |  |  |
|---|---|---|
| _____ | : | |
|  | : | |
|  | : | |
|  | : | |
|  | : | Civil No. 05-1743 (RBK) |
|  | : | |
| IN RE: | : | **OPINION** |
| Rashad Karim Ameen | : | |
|  | : | |
|  | : | |
|  | : | |
|  | : | |
| _____ | : | |

**KUGLER**, United States District Judge:

In this case, Rashad Karim Ameen ("the debtor") appeals from a United States Bankruptcy Court ruling to dismiss his case for cause pursuant to 11 U.S.C. § 1307. For the reasons set forth below, this Court will deny the debtor's appeal.

I.      **Factual Background**

The facts set forth herein are as explained by the Honorable Judge Wizmur in the Bankruptcy Court's Opinion on Debtor's Motion for a Stay of His Eviction Pending Appeal on April 5, 2005.

On January 29, 1999, the debtor gave a mortgage to

Washington Mutual on a property located at 40 Nashua Drive, Sicklerville, New Jersey ("the property"). On June 13, 2002, Washington Mutual filed for foreclosure in New Jersey Superior Court; it obtained a final judgment and writ of execution on November 17, 2003. The property was then sold to Washington Mutual at a sheriff's sale on February 24 2004. Shortly after the sale, the debtor filed for Chapter 13 bankruptcy.

In August of 2004, the debtor was granted an automatic stay from eviction. On December 13, 2004, Washington Mutual moved for relief from the stay because the debtor had failed to make regular payments and was in arrears for six months in the amount of $5,132.00. Although the debtor insisted that he disputed Washington Mutual's claim, that the Court lacked jurisdiction over him, and that the Court was violating his due process rights, the Bankruptcy Court granted Washington Mutual's motion after a hearing on January 10, 2005. The debtor appealed the judgment, and this Court affirmed the decision in April of 2005.

On January 12, 2005 the Bankruptcy Court considered confirmation of the debtor's Chapter 13 plan. The Chapter 13 trustee recommended dismissal because the debtor's plan failed to specify any entity to which he was to make payments, thus rendering the plan unfeasible. The trustee stated that the debtor had made payments to the trustee without planning on

paying anyone under his plan.  The Bankruptcy Court denied confirmation, holding that the plan was unfeasible and unsustainable on its face.

Six days later, on January 18, 2005, the Bankruptcy Court heard the debtor's motion to vacate the Court's order to lift the stay.  The debtor asserted that, because he changed his name from "Rashad Karim Ameen" to "Rashad Karim Ameen Bey," the foreclosure notice was therefore served on the wrong party and that his due process rights were violated.  He also contested the jurisdiction of the Bankruptcy Court.  The Court rejected these arguments.

At this time, the Bankruptcy Court found that the debtor had not attempted to comply with the Chapter 13 process because he failed to cure and reinstate his mortgage, and he failed to submit a plan that could be confirmed.  For these reasons, and in light of Washington Mutual's relief from the stay, the Bankruptcy Court ordered dismissal of the debtor's case for cause pursuant to 11 U.S.C. § 1307.  The Order was entered on February 25, 2005.

As of April 4, 2005, when the Bankruptcy Court heard a motion to shorten time for a stay of the debtor's pending eviction, pending his appeal, the debtor had still not made any payments to the mortgagee.

This case is before the Court on an appeal by the

debtor of the Bankruptcy Court's ruling to dismiss the case.

**II.      Jurisdiction**

This Court has jurisdiction over appeals of final judgments of the bankruptcy courts. The district courts are given jurisdiction in 28 U.S.C. § 1334, which provides that "the district courts of the United States shall have jurisdiction to hear appeals from final judgments, orders and decrees . . . of bankruptcy judges . . . ." This Court, therefore, is statutorily authorized to hear the debtor's appeal of the Order dismissing his case issued by the Honorable Judge Judith H. Wizmur of the United States Bankruptcy Court for the District of New Jersey.

**III.     Standard of Review**

The Bankruptcy Court's factual findings will be reviewed for clear error, while the Court's legal findings will be subject to plenary review. FGH Realty Credit Corp. v. Newark Airport/Hotel Ltd. P'ship, 155 B.R. 93, 97 (D.N.J. 1993) (citations omitted). A clearly erroneous factual finding is one that is "completely devoid of minimum evidentiary support displaying some hue of credibility or  . . . [one that] bears no rational relationship to the supportive evidentiary data," Id.

**IV.      Discussion**

A court may dismiss a Chapter 13 bankruptcy case if it has denied a confirmation of the debtor's plan and denied a request made for additional time for filing another plan. 11

U.S.C. § 1307c(5).  Furthermore, a case may be dismissed for cause if the debtor's failures lead to an unreasonable delay that prejudices the creditors.  11 U.S.C. § 1307c(1); see also In re Pruitt, 203 B.R. 745, 746 (Bankr. N.D. Okla. 1996) (holding that where a debtor is unwilling or unable to propose a confirmable plan, unreasonable delay prejudices creditors and dismissal for cause is appropriate).

A plan may be denied confirmation when the debtor fails to comply with the Chapter 13 process, which includes failing to amend the plan to conform to the applicable standards and failing to make payments under the plan.  See 11 U.S.C. § 1325; see also In re Badalyn, 263 B.R. 633, 638 (B.A.P. 6th Cir. 1999); In re Wilson, 117 B.R. 714 (Bankr. M.D. Fla. 1990) (noting that, where a debtor is delinquent on making payments to the plan and the plan can not be confirmed, dismissal is appropriate).  On the other hand, where a debtor has been shown to cooperate with the Chapter 13 trustee to correct a default in payments, the case will not warrant a dismissal.  In re Brown, 70 B.R. 10, 12 (Bankr. S.D. Ohio 1986).

In his Brief in Support of Appeal, the debtor contests the jurisdiction of the Bankruptcy Court and makes allegations of fraud against Washington Mutual and Fleet Mortgage Corporation. He alleges that the "Mortgage Note" is fraudulent and invalid because it was allegedly transferred to Fleet Mortgage without

his permission.  He further alleges that Washington Mutual and Fleet Mortgage fraudulently obtained his signature.

In his Reply Brief, the debtor asserts that the Bankruptcy Court denied him the opportunity to cure the debt and to have a confirmation hearing.

Because the debtor in this case does not contest any finding made by the court or the application of the relevant law to the facts of his case, he fails to assert any grounds for which relief may be granted.  This Court will therefore affirm the ruling of the Bankruptcy Court.

The United States Bankruptcy Court for the District of New Jersey found that the debtor in this case failed to present a confirmable plan because he did not specify to whom his payments would be made, even though he was making payments to the trustee.  The Court further found that the debtor was noncompliant with the Chapter 13 process because he failed to cure and reinstate his mortgage.  Because of the failure of the debtor to create a confirmable plan and his noncompliance with the Chapter 13 process, the Court found that dismissal was proper under 11 U.S.C. § 1307c(1) ("unreasonable delay by the debtor that is prejudicial to creditors").

The debtor does not assert that his plan should have been confirmed, that he was current with his payments, or that he has cooperated with the Chapter 13 process.  Most important, the

debtor does not contest the Court's application of 11 U.S.C. § 1307c to dismiss his case.

Furthermore, the record is clear that the Bankruptcy Court, during a hearing on debtor's Motion to Vacate on January 18, 2005, considered the debtor's Chapter 13 plan and its deficiencies before denying confirmation.  As for the claim that the debtor was never given the opportunity to cure his default and reinstate the mortgage, the debtor has not demonstrated any such effort.  On the contrary, the record is replete with evidence of the debtor's continual challenges to the Court's jurisdiction and failure to allocate payments to the mortgagee. Thus the debtor has failed to demonstrate how the Bankruptcy Court's findings of fact or conclusions of law were erroneous in any way.

The debtor's lack of jurisdiction argument also fails. The Bankruptcy Act, 28 U.S.C. § 1334, bestows upon the United States Bankruptcy Courts jurisdiction over all cases arising under Title 11.  As for personal jurisdiction of the Court over the debtor, the debtor submitted to the Court's authority when he filed his Chapter 13 claim.  Cf. Bel-Ray Co., Inc. v. Chemrite (Pty) Ltd., 181 F.3d 435, 443 (3d Cir. 1999) ("Where party seeks affirmative relief from court, it normally submits itself to jurisdiction of court with respect to adjudication of claims arising from same subject matter.").

Because the debtor fails to assert any claim on which a successful appeal could stand and because this Court finds no clear error in the Bankruptcy Court's factual findings or legal conclusions, this Court will affirm the ruling of the Bankruptcy Court.

The accompanying Order shall issue today.


07-19-05                                         s/Robert B. Kugler

Date                                             ROBERT B. KUGLER
                                                 United States District Judge